IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-581-GMS |
| | ) | |
| MAJOR PHILLIP PARKER, and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

In March 2016, Wilson was convicted of one count each of second degree assault and disregarding a police officer's signal, and three motor vehicle offenses. *See Wilson v. State*, 161 A.3d 672 (Table), 2017 WL 1535147, at *1 (Del. Apr. 27, 2017). The Delaware Supreme Court affirmed his convictions on April 27, 2017. *Id.* at *4.

Presently pending before the court is petitioner James A. Wilson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) The petition asserts four grounds for relief challenging Wilson's 2016 convictions, one of which alleges ineffective assistance of counsel. (D.I. 1 at 9) After filing his petition, Wilson filed a motion to withdraw the petition so that he could pursue post-conviction relief in the Delaware state courts. (D.I. 5) Thereafter, Wilson asked to withdraw the motion to withdraw, stating that he had exhausted all of his federal habeas claims. (D.I. 6) He then filed an AEDPA election form indicating that he wants the court to rule on the petition as currently pending. (D.I. 7)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner convicted in Delaware properly exhausts state remedies for an ineffective assistance of counsel claim by presenting it to the Delaware state courts in a Rule 61 proceeding. *See Guy v. State*, 82 A.3d 710, 715 (Del. Nov. 27, 2013)(claim alleging ineffective assistance of trial counsel may not be raised on direct appeal). It appears that Wilson filed a Rule 61 motion in the Delaware Superior Court sometime after filing the instant petition, and that the Rule 61 motion is still pending. *See Wilson v. State*, No. 321, 2017, Order (Del. Aug. 25, 2017)(denying as interlocutory an appeal from the Superior Court's denial of a motion for appointment of counsel that Wilson filed "in connection with his first motion for post-conviction relief under Superior Court Criminal Rule 61.") Given these circumstances, the court concludes that Wilson has not yet exhausted state remedies for all of his federal habeas claims.[1]

Accordingly, the court will summarily dismiss Wilson's § 2254 petition without prejudice, and dismiss his two pending motions (D.I. 5; D.I. 6) as moot. The court will also

---

[1]Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Wilson is responsible for determining the events that trigger and toll the limitations period.

2

decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011);

*United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order follows.

Dated: \_\_\_Oct 23\_\_\_, 2017

UNITED STATES DISTRICT JUDGE